IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT A. FARMER                                                                             PLAINTIFF

v.                                            CIVIL NO. 21-3011

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Scott A. Farmer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on August 24, 2018, alleging an inability to work since December 17, 2015,[2] due to an unspecified bipolar disorder and related disorder; a generalized anxiety disorder; an amphetamine-type substance use disorder; attention deficit hyperactivity disorder; hypertension; a fatty liver; Diabetes II; manic depressive disorder; high cholesterol; and prescribed high risk medications. (Tr. 82, 166). For DIB purposes, Plaintiff maintained insured status through March 31, 2018. (Tr. 9, 28). An administrative telephonic

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to December 7, 2017. (Tr. 9, 28).

1

hearing was held on April 30, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 26-52).

By written decision dated August 20, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: hypertension, diabetes mellitus, and depression. However, after reviewing all the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except that he is limited to performing simple, routine, and repetitive tasks. He can respond to supervision that is simple, direct, and concrete and can occasionally interact with supervisors, coworkers, and the public.

(Tr. 13). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a power screwdriver operator, a small products assembler, and a photocopy machine operator. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on January 7, 2021. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

On appeal, Plaintiff argues that the ALJ erred by failing to develop the record. (ECF. 15, p.2). Defendant argues the ALJ had sufficient evidence to decide Plaintiff's capabilities during the time in question. (ECF No. 16, p. 2). The Court has reviewed the entire transcript and the parties' briefs.

Plaintiff argues the ALJ erred by failing to have Plaintiff examined by both consultative medical and mental health professionals. Here, the record consists of the assessments of non-examining medical consultants; and Plaintiff's medical records dated prior to, during, and after the relevant time period. After reviewing it in its entirety, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. *See Haley v. Massanari,* 258 F.3d 742, 749–50 (8th Cir. 2001) (it is permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and

Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

    DATED this 31st day of March 2022.

                              /s/    *Christy Comstock*
                              HON. CHRISTY COMSTOCK
                              UNITED STATES MAGISTRATE JUDGE